F I L E D
CLERK OF COURT

 2024 SEP -6 PM 3: 28

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ARTHUR U. SAN AGUSTIN, *et al*,<br><br>Defendant. | Case No. CF0446-23<br><br>**DECISION AND ORDER**<br>(Motions to Reconsider) |

## INTRODUCTION

This matter was filed with the Honorable John C. Terlaje on July 11, 2024, regarding the People's Motion for Reconsideration of this Court's July 1, 2024, Decision and Order granting San Augustin's ("Defendant San Augustin's") Masatomo Nadeau's ("Defendant Nadeau's") joined Motions to Disqualify the Office of the Attorney General. Assistant Attorney General Joanna P. Deering ("Deering") filed briefs on behalf of the People. Joaquin Arriola ("J. Arriola") and William B. Brennan ("Brennan") appeared for Defendant San Agustin and G. Patrick Civille ("Civille") appeared for Defendant Nadeau. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** the People's Motion to Reconsider.

## BACKGROUND

On August 21, 2023, the Office of the Attorney General ("OAG") indicted Defendant San Augustin and Defendant Nadeau with five charges: (1) Tampering with Public Records, (2) Obstructing Government Functions, (3) Official Misconduct, (4) Obstructing Governmental Functions, and (5) Official Misconduct. Super. Indictment (Aug. 21, 2023). These charges were all brought regarding both Defendants roles in the Department of Public Health and Social Services ("DPHSS"). It is alleged that Defendant San Agustin, formally the Director of Guam DPHSS, renewed sanitary permits for several public schools without proper inspection; it is further alleged that Defendant Nadeau, as the Chief Environmental Public Health Officer of the Guam DPHSS, Division of Environmental Health, aided in this misconduct at the expense of public health. [Prop.] Findings of Facts & Conclusions of Law re: Mot. to Disqualify Off. of Att'y Gen. (Apr. 1, 2024).

On September 1, 2023, Defendant San Augustin filed a Motion to Disqualify the Office of the Attorney General. Mot. to Disqualify Off. Of Att'y Gen. (Sept. 1, 2023). On the same day, Defendant Nadeau also filed a Motion to Disqualify the Office of the Attorney General and Joinder in San Augustin's Motion. Def. Nadeau's Mot. to Disqualify Off. Of Att'y Gen. and Joinder in San Augustin's Mot. to Disqualify Off. of Att'y Gen. (Sept. 1, 2023). On July 1, 2024, this Court issued a Decision and Order granting Defendants' Motions to Disqualify the Office of the Attorney General. On July 11, 2024, the People filed their Motion for Reconsideration of the July 1, 2024, Decision and Order. People's Mot. for Recons. of the July 1, 2024, Decision & Order (Jul. 11, 2024). Defendant San Augustin filed an Opposition on July 26, 2024. Def.'s Opp'n to OAG's Mot. to Recons. July 26, 2024, Decision & Order (Jul. 26, 2024). Defendant Nadeau

joined in the Opposition on the same day. Def. Nadeau's Joinder in Arthur San Agustin's Opp'n to OAG's Mot. to Recons. July 1, 2024, Decision & Order (Jul. 26, 2024).

## DISCUSSION

The Local Rules of the Superior Court of Guam, Criminal Procedure Rule ("CR") 1.1 governs motions for reconsideration in criminal cases and provides that a motion may be renewed only on the grounds of:

> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change in law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such a decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d).

The OAG have offered no material difference in fact or law that could not have been known to the OAG while exercising reasonable diligence. Further, there has been no emergence of new material facts or a change of law that has occurred in the eleven days between this Court's Decision and Order, and the People's Motion for Reconsideration. Finally, most of the arguments made by the OAG in their Motion were made previously.

///

///

///

## CONCLUSION AND ORDER

Based on the above analysis, the Court **DENIES** the People's Motion for Reconsideration. The Court reaffirms the Defendants' Motions to Disqualify the Office of the Attorney General.

SO ORDERED, this ___6th___ day of ___September___ 2024.

_____

HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam